YOUNG, In re. See Case No. 9,850.

## Case No. 18,147.

### In re YOUNG.

[5 Law Rep. 128.]

District Court, D. Connecticut. 1842.

BANKRUPTCY DECREE—FIDUCIARY DEBT.

A single debt due from one petitioning to be declared a bankrupt, in a fiduciary capacity, will not prevent a decree as to all other debts. But whether the certificate of discharge, in such a case, should contain an exception of such debt, —quære.

This being the day of hearing, on the petition of Levi H. Young to be declared a bankrupt, Foster, counsel for one of the creditors, filed an objection to this decree, stating that the debt, by him represented, was due from Young as guardian, and proceeded to argue the question, against the right of the petitioner to be decreed a bankrupt. Owing this debt, as it is now admitted, in the capacity of guardian, the petitioner is excluded from all or any of the supposed benefits of the act.

Gen. Kimberly, for petitioner, having entered a demurrer to the objections, claimed a decree in bankruptcy in common form. If a petitioner has incurred a debt or defalcation as guardian, this will not suspend his rights under the act, as to all other debts. Should a discharge issue, that discharge will not bar the fiduciary debt, provided such a debt or liability did exist prior to filing the decree. It was not the intention of congress, that every person who owed a debt as executor, should thereby be prevented from taking the benefit of this act. A part of the first proviso to the fourth section of the act, is conclusive on this point.

JUDSON, District Judge, was inclined to the opinion, that the objection could not prevent a decree as to all the other creditors, and whether there should be an exception of this debt, in the decree for the discharge, or in the certificate itself, it was not necessary now to determine. When the case comes up for that decree and certificate, the court will then decide whether there shall or not be an exception of this debt, or whether the decree and certificate shall pass in common form, leaving the question to be decided when a suit may be brought on this demand. as to the effect of the discharge upon this debt. The court entertains no doubt, as to the rights of the objector, and although the first decree may pass, these rights will not be prejudiced. The question will be kept open until the next appearance, giving either party opportunity further to discuss the matter. Before dismissing the case, however, it may not be improper to remark, that if the act, after the provisions of the first section had been silent, as to this matter, the objector would have had a very strong argument against any decree, where there was outstanding a fiduciary debt. The words of the first section are, "all persons whatsoever, owing debts which shall not have been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity, who shall, &c." The objection in the present case is doubtless-indicated by this general language, construed as it is in the first section

of the act. But when recurrence is had to a subsequent provision, a limitation is found for this general language. In the latter part of the first proviso to the fourth section, we have the following provision. "Nor shall any person" (be entitled to a discharge) "who, after the passing this act, shall apply trust funds to his own use." The trust funds in the present case are understood to have been applied to the use of the petitioner before the passage of the act. That being the case, as at present advised, the court will say that the objection cannot be available against the decree, neither does it seem to be a valid objection against the second. But, as already remarked, the court will not conclude the parties from further argument, at the next appearance. Decree accordingly.